Zheng "Andy" Liu (SBN 279327)
Jingyi Guo (SBN 335448)
**Aptum Law**
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us
*Attorneys for Petitioners*
*Palm Street Capital LLC,*
*Hailing Yu, and Jing Liao*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re **Caixing Xie** <br><br> Debtor. | Case No.: 23-51290 <br><br> **DECLARATION OF ZHENG LIU** |

I, Zheng Liu, hereby declare as follows:

1. I am an Attorney for of Petitioner Palm Street Capital LLC. Except as otherwise stated, I have personal knowledge of the matters set forth herein and can and will testify thereto if called upon to do so.

2. Xie is a permanent residence of the United States, colloquially, a green card holder. Xie makes significant political donations to local political candidates. In fact, Xie donated illegally and was fined for his illegal donation. (Ex. A.) Xie maintains his California driver's license at his Saratoga home address shown below.

3. Xie's home is located at 18255 Clemson Ave Saratoga, California 95070. Xie's only child (Mr. Wei Xie) also resides here.

4. Xie divorced in San Jose, California after meeting his current girlfriend Ms. Yunhua Jin, who resides at 1152 Sunny Ct., San Jose, CA.

5. Xie maintains an active property development and construction company in California, called Welkin International Industrial, Inc. Welkin and Xie share the same business address at 6136 Bollinger Rd. San Jose, CA 95129. All corporate filings of Welkin are up to date.

6. Xie also maintains an active investment company in California, called FutureTech Capital. FutureTech share Xie's same business address at 6136 Bollinger Rd. San Jose, CA 95129. All corporate filings of FutureTech are up to date.

7. A party to eight lawsuits in the Bay Area alone, Xie does nothing but delaying. Almost always, Xie (i) appeared shortly after a default was taken or requested against him and (ii) claimed last-minute predicament to avoid impending deposition or trial. (Liu Decl., ¶7.)

8. Notably, Mr. Jew represents Xie in all these defense-by-delay cases, including this one. A cursory review of the Counsel's filings in the Northern District reveals that the Mr. Jew replicated this defense-by-delay tactic a number of times, in a number of cases. (Liu Decl., ¶8.)

9. Mr. Jew always claimed that he did not represent a client after being provided with Summons and Complaint, but immediately appeared on behalf of that client after a default or default judgment was about to be taken. Mr. Jew would also request to withdraw shortly before trial, again attempting to halt the proceeding. (Liu Decl., ¶9.)

10. For example, in the underlying federal district litigation between petitioning creditors and Xie, after being repeatedly contacted by the undersigned counsel, Mr. Jew's office claimed that they did not represented Xie, stating:

> "This is Tyson Lin, a paralegal of Mr. Jew. **Mr. Jew currently doesn't represent Mr. Xie in this particular case**."
> (Liu Decl., ¶10.)

11. As later court files revealed, however, *on that same day*, Mr. Jew instructed Mr. Lin to "Please calendar and monitor this == one of the XIE case [sic].

12. Sure enough, five days before a default judgment hearing was to begin, Mr. Jew suddenly appeared as Xie's attorney and claimed that Xie was never served, and neither his office knew about the litigation. (Liu Decl., ¶12.)

13. Here, Xie and Mr. Jew continue their pattern of delay, and Mr. Jew's assertion that Xie is a China resident is false. As written court records would verify, during a recent motion hearing before Magistrate Judge Nathaniel Cousins, Xie declared that he was in fact a California resident. Xie represented that he continued to maintain his California home, that his only family member (Xie's only son) had been residing in Cupertino California, and that Xie continued to maintain his California driver's license.

Attempting to prove his point, Mr. Jew asked Magistrate Judge Cousins to examine the authenticity of a California driver's license bearing Xie's name.

14. In other words, Xie can be a China resident or a California resident, whichever suits him best for a particular occasion. Mr. Jew's present declaration thus lacks credibility, having recently argued and presented evidence to the contrary to Magistrate Judge Nathaniel Cousins.

### A. Xie Stayed All His Litigation Based On Claim That He Had Appeared In This Case.

| No. | Case Number | Filing Date | Causes of Action | Status of the case |
|---|---|---|---|---|
| 1 | 20CV366847 (Santa Clara) | 05/28/2020 | Defendant Xie was sued for **breach of investment agreement and fraud.** | On August 31, 2020, **default** was taken against Xie. Xie vacated the default and answered on March 3, 2021.<br><br>Xie requested a continuance of the trial merely **four days before the trial date**, claiming he was sick and recommended hospitalization.<br><br>After three years of delay, the Court issued a $650,000 judgment against Xie for breach of contract. |
| 2 | 20CV366358 (Santa Clara) **STAYED** Xie requested this case be stayed because he claimed that | 4/29/2020 | Defendant Xie was sued for **breach of real estate investment contract.** | Xie appeared on February 9, 2021, after a right of attach order and a temporary protective order were entered against him.<br><br>Xie requested a continuance merely **sixed days before the** |

4

| | | | | **settlement conference**, stating was unable to be sworn under California law while he is in China territory. |
|---|---|---|---|---|
| | he appeared in this bankruptcy case. | | | |
| 3 | 20CV364355 (Santa Clara) **STAYED** | 2/21/2020 | Xie alleged his part-time office manager converted company assets and defrauded him. | Xie requested this case be stayed because he claimed that he appeared in this bankruptcy case. |
| 4 | 20CV372586 (Santa Clara) **STAYED** | 10/21/2020 | Xie alleged his realtor defrauded him in a real estate transaction. | Xie requested this case be stayed because he claimed that he appeared in this bankruptcy case. |
| 5 | 20-civ-04191 (San Mateo) **STAYED** | 09/28/2020 | Xie was sued for **breach of contract.** | After Plaintiff requested service by publication and entry of default, Xie appeared.<br><br>Xie settled case, but refused to make settlement payment.<br><br>Xie then stayed this case claiming that he appeared in this bankruptcy case. |
| 6 | 19-civ-01548 (San Mateo) | 03/18/2019 | Xie sued his business partners. | Xie lost the suit and was required to pay costs. Xie never paid the costs as ordered and his bank accounts were garnished. |
| 7 | 5:22-cv-01932-NC (NDCA) **STAYED** | 03/28/2022 | Petitioning creditors sued Xie for breach of contract and fraud. | Xie stayed this case, claiming that he appeared in this bankruptcy case. . |

15. A review of court records in the Bay Area counties show that Xie is a party to at least **seven lawsuits**, most of which alleged that Xie breached written contracts. Case numbers 20CV366847 and 20CV366358 currently pending before the Santa Clara County Superior Court are classic demonstrations of Xie's litigation by delay tactics.

16. First, in Case No.: 20CV366847, on August 31, 2020, a default was taken against Xie. Less than a month later, Xie appeared though the same Counsel who represents him in this case. Recently, Xie initially agreed to a September 19, 2022 trial, but requested, *ex parte*, a continuance **merely four days** before the September 19, 2022 trial, claiming he was sick and recommended hospitalization.

17. Second, in Case No.: 20CV366358, on February 9, 2021, Xie appeared through the same Counsel who represents him here, after a right to attach order and a temporary protective order were issued against him. Xie initially agreed to a March 2, 2022 settlement conference, but requested, *ex parte*, a continuance merely sixed days before the March 2, 2022 settlement conference, claiming he was unable to provide testimony under California law while he is in China (even though no testimony is required at a settlement conference).

18. Third, in Case No.: 20CIV04191, Xie refused to accept service and a request for default is pending against him. Xie is expected to appear through the same Counsel who represents him here, at the last minute or after default is entered, claiming that they were unaware of the service.

**B. Defendant Xie's Counsel employed delay tactics in his representations of numerous case in this District**

19. A similar review of court records in this District shows that Xie's Counsel employed similar dilatory tactics in numerous cases for numerous clients of his. The most classic example is the *BuildSimHub Inc. v. Beijing Jianyi Investment Development (Group) Co. Ltd. et al.* case before Hon. Edward J. Davila.

| Case Number and Case Name | Counsel's Delaying Tactics |
|---|---|
| 5:20-cv-03579<br>- Talece Inc. v. Zhang et al | Representing Plaintiff Talece Inc., Counsel pounded no discovery request whatsoever. The Counsel settled for a nominal amount shortly before trial. |
| 5:20-cv-09098<br>- BuildSimHub Inc. v. Beijing Jianyi Investment Development (Group) Co. Ltd. et al | Counsel was provided the Summon and Complaint, but claimed that he did not represent several China defendants in this case, even though all Defendants are related to each other.<br><br>A default was entered against the China defendants on February 3, 2021. Merely one day later, on February 4, Counsel declared to the Court that he in fact represented the China defendants who were in default.<br><br>Counsel sought to quash the service when the motion was denied, Counsel abruptly declared that he was withdrawing as China defendants' counsel, leaving the case in a halt.<br><br>When the Court denied the Counsel's proposed withdrawal, Counsel settled for all Defendants. |

20. In the *Builsimhub* case, Counsel was provided the Summon and Complaint right after they were filed, but claimed that he did not represent two China defendants (one

individual and one China limited company), even though (1) Counsel took the representation of defendants resided in San Jose area (a second individual and various subsidiaries of the China limited company) and (ii) the two individual defendants are common law husband and wife and owners of the corporate defendants.

21. Due to Counsel's refusal to respond, the China defendants were defaulted on February 3, 2021. **One day later**, on February 4, 2021, Counsel appeared, asserting he in fact represented the China defendants. Despite his immediate appearance, the Counsel did not move to set aside default after a motion for default judgment was filed.

22. Taking the gamesmanship further, on November 1, 2021, Counsel abruptly moved to withdraw as China defendants' counsel, forcing the case to a half. When the Court imposed conditions on Counsel's proposed withdrawal and threatened default against the China defendants, Counsel continued representing all Defendants.

23. In sum, Counsel for Defendant Xie is simply replicating what he has done in other cases: (i) allowing a default to be taken, (ii) asking the Court to set side the default as part of his opposition to a motion for default judgment, (iii) claiming the service was defective without raising them in a Rule 12 motion, (iv) conducting no discovery whatsoever, and (v) moving to withdraw or continue (claiming illness) when the trial date approaches.

I declare under penalty of perjury under the law of the United States that the foregoing is true and correct.

Executed on January 24, 2024.

_____

Zheng Liu